J-S16002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STACY BUCKLAW AND DIANE BUCKLAW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA IV, L.P., TOLL PA GP CORP., AND ANDERSEN WINDOWS, INC. | : | No. 3255 EDA 2018 |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA IV, L.P., TOLL PA GP CORP | : | |

Appeal from the Order Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170600001

| | | |
|---|---|---|
| ANDREW L. PALSKY AND CHRISTINA M. PALSKY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., AND TOLL PA IV, L.P., AND TOLL PA VI, L.P., AND TOLL PA GP CORP., AND TOLL BROS., INC. AND ANDERSEN WINDOWS, INC. | : | No. 423 EDA 2019 |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., AND TOLL PA IV, L.P., AND TOLL PA VI, L.P., AND TOLL PA GP CORP., AND TOLL BROS., INC. | : | |

Appeal from the Order Entered December 20, 2018

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180703480

| | | |
|---|---|---|
| KALPESH SHAH AND SEJAL SHAH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS INC., TOLL BROS., | : | |
| INC., TOLL PA IV,. L.P., AND TOLL PA | : | |
| GP CORP. (COLLECTIVELY, "TOLL | : | No. 620 EDA 2019 |
| DEFENDANTS") | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF:  TOLL BROTHERS INC., | : | |
| TOLL BROS., INC., TOLL PA IV,. L.P., | : | |
| AND TOLL PA GP CORP. | : | |
| (COLLECTIVELY, "TOLL | : | |
| DEFENDANTS") | : | |
| | : | |
| | : | |
| | : | |

Appeal from the Order Dated January 7, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180701952

| | | |
|---|---|---|
| ANDREW BONAS AND LAURA L. | : | IN THE SUPERIOR COURT OF |
| BONAS | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOL BROTHERS INC., TOLL BROS | : | |
| INC., TOLL PA IV L.P., TOLL PA VI | : | No. 1037 EDA 2019 |
| L.P. AND TOLL PA GP CORP. AND | : | |
| ANDERSON WINDOWS | : | |

Appeal from the Order Entered March 26, 2019

- 2 -

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 1807001954

| BILLY ERNEST FLURRY AND MISTY LAW FLURRY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., ET AL. | : | |
| | : | No. 1066 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered March 26, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): NO. 180701953

| AJITH MANJAMATTATHIL AND MARINA JOSEPH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC.; TOLL BROS., INC.; TOLL PA II, L.P. AND TOLL GP CORP. AND ANDERSEN WINDOWS, INC. | : | No. 1080 EDA 2019 |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered March 26, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No 180701242

| THOMAS LEVIEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., AND TOLL PA IV, L.P. AND TOLL PA VI, L.P. AND TOLL PA GP CORP., AND TOLL | : | |
| | : | |
| | : | No. 1426 EDA 2019 |

BROS., INC., AND ANDERSEN : 
WINDOWS, INC. : 
  : 
  : 
  : 
APPEAL OF: TOLL BROTHERS, INC., : 
TOLL BROS., INC., TOLL PA IV, L.P., : 
TOLL PA VI, L.P. AND TOLL PA GP : 
CORP. (COLLECTIVELY, "TOLL : 
DEFENDANTS") : 
  : 
  : 
  : 
  : 

Appeal from the Order Entered April 4, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 180703136

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 21, 2020**

In this consolidated appeal, Toll Brothers, Inc., Toll Bros., Inc., Toll PA, II, L.P., Toll PA IV, L.P., Toll PA IV, and Toll PA, GP, Corp. (collectively, "Appellant"), appeals from the trial court's Orders denying Appellant's Petitions to Compel Arbitration. Appellant avers that the trial court erred in finding that the mandatory arbitration clauses in the warranties provided by Appellant to the original purchasers of the homes built and sold by Appellant did not bind Appellees, all of whom were subsequent purchasers of those homes. After careful review, we conclude that we are bound by this Court's recent holding in **Porter v. Toll Brothers, Inc.**, 217 A.3d 337 (Pa. Super. 2019).[1] We, therefore, affirm.

---

[1] On October 23, 2019, this Court denied Appellant's Petition for Reargument in **Porter**. Appellant's Petitions for Allowance of Appeal, filed on November 22, 2019, remain pending before the Pennsylvania Supreme Court.

Briefly, Appellant is a builder and seller of residential homes. For the benefit of "homeowners," Appellant provides a 10-year limited warranty ("Limited Warranty") on all of its homes. The Limited Warranty defines "homeowner" as "the first person to whom a home . . . is sold . . . and such person's successors . . . **provided a Subsequent Home Buyer Acknowledgement form** (**TB Form 1302**) **is signed by the subsequent homeowner**." Limited Warranty at 12 (some capitalization removed and emphasis added).

The Limited Warranty is transferrable from original purchasers of Appellant's homes to subsequent purchasers "**provided that you or the new owners notify the warranty program administrator in writing, utilizing the Subsequent Home Buyer Acknowledgement and Assignment Form** [(**TB Form 1302**)] attached to this limited warranty after ownership is transferred." ***Id.*** at 9 (some capitalization removed and emphasis added).

TB Form 1302 provides for the transfer of any coverage remaining under the Limited Warranty from the original purchaser of a home built and sold by Appellant to a subsequent purchaser "[**u**]**pon execution of this form**[.]" ***Id.*** at 37 (some capitalization removed and emphasis added). TB Form 1302 includes a mandatory arbitration clause. ***Id.***

Appellees purchased their homes, built and originally sold by Appellant, from the homes' original owners between 2005 and 2016. It is undisputed that no Appellee executed TB Form 1302.

Between September and November 2018, Appellees each filed Complaints in the Philadelphia County Court of Common Pleas against Appellant and Andersen Windows, Inc.,[2] generally alleging construction defects in their homes and raising, variously, counts of violations of the Uniform Trade Practices and Consumer Protection Law,[3] negligent representation, fraud, and negligence. Between September and December 2018, Appellant filed a Petition to Compel Arbitration in every case arguing: (1) the home warranty transferred from the original purchasers to Appellees and, thus, Appellees were third-party beneficiaries of the warranties; and (2) all of Appellees' rights against Appellant arise from the home warranty that requires that disputes be resolved by arbitration.

One of Appellant's Petitions was assigned to the Honorable Shelley Robbins New, four were assigned to the Honorable John M. Younge, and two were assigned to the Honorable Linda A. Carpenter (collectively, the "trial court"). The trial court denied Appellant's Petitions, generally concluding that execution by the subsequent purchasers of the TB Form 1302 was a condition precedent to transference of the Limited Warranty. Because no Appellee had executed the TB Form 1302, the trial court concluded that Appellees had not agreed to, and were, therefore, not bound by, the Limited Warranty or its arbitration clause. ***See also Porter***, 217 A.3d at 348-52.

---

[2] Andersen Windows, Inc. supplied the windows installed in the homes built by Appellant.

[3] ***See*** 73 P.S §§ 201-1 to 201.93.

This timely appeal followed, in which Appellant raises the following two issues:

1. Did the trial court err as a matter of law by denying [P]etitions to [C]ompel [A]rbitration filed by [Appellant] when (a) the limited warranty (on which [Appellees] rely to state their claims) contains a valid arbitration agreement; (b) [Appellees] are bound by the valid arbitration agreement that transferred to them with the home they subsequently purchased from the original home buyer either as third-party beneficiaries or by estoppel; and (c) the unlimited arbitration agreement expressly states that [Appellees'] claims are subject to arbitration?

2. Did the trial court err as a matter of law by denying a [P]etition to [C]ompel [A]rbitration filed by [Appellant] when, contrary to the trial court's conclusions, (a) [Appellees] are bound by the arbitration provision whether or not they signed it or any particular form, whether or not the agreement identifies them by name, and whether or not [Appellees] invoke third-party beneficiary status; and (b) [Appellees'] claims fall within the scope of the arbitration agreement regardless of the label they use or the relief they seek?

Appellant's Brief at 11.

Appellant's issues are identical to those decided by this Court in ***Porter***. ***See Porter***, 217 A.3d at 346-47. In addition, in its appellate Brief, Appellant concedes that "[t]hese cases are controlled by legal issues briefed, argued, and recently decided by this Court in [***Porter***].[4] Appellant's Brief at 1. Because Appellant raises the same issues and provides essentially the same analysis as it did in ***Porter***, we adopt the ***Porter*** analysis and conclude that we are bound by its holding. We, thus, affirm the Orders denying Appellant's Petitions to Compel Arbitration.

_____

[4] The ***Porter*** plaintiffs are the subsequent purchasers of 30 homes built and sold by Appellant.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2020